■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BEATTY, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered July 7, 1989, convicting defendant after a jury trial of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, and sentencing

him to concurrent terms of 10 to 20 years, 7-½ to 15 years, and 7-½ to 15 years, respectively, unanimously affirmed.

The victim was in the company of her friend, who sold marijuana to defendant. When defendant returned shortly after the sale demanding his money be returned, an argument ensued during which defendant drew a gun and shot at the victim's friend. Defendant missed, but a bullet fragment caught the victim in the eye. The victim, who had seen defendant previously but did not know his name, and her friend, both identified the defendant in court.

The victim's boyfriend testified on defendant's behalf. He claimed that while he was incarcerated, he corresponded with the victim, indicating that a certain "T.J." rather than defendant, was the actual perpetrator. In rebuttal, the victim testified that during this correspondence, the boyfriend admitted that he had befriended the defendant, and urged her to drop charges insofar as defendant had not intended to shoot her.

Viewing the evidence in a light most favorable to the People, defendant's guilt was proved beyond a reasonable doubt. The jury was free to credit the People's witnesses, and reject the testimony of defendant's witness. We find no basis to disturb those findings. Nor do we find that the verdict was against the weight of the evidence. *(People v Bleakley,* 69 NY2d 490.)

Defendant failed to preserve any challenge to introduction of the rebuttal evidence by appropriate objection *(People v Rivera,* 73 NY2d 941). In any event, this evidence was properly admitted on rebuttal, as it was relevant to overcome an affirmative fact which defendant tried to prove *(People v Alvino,* 71 NY2d 233, 248), to wit, whether defendant or another person, who was unknown to the victim, was the actual perpetrator. The court gave appropriate limiting instructions.

Defendant's challenges to the prosecutor's comments in summation are for the most part unpreserved; to the extent they are preserved, they are without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Asch and Smith, JJ.