■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO NIEBLAS, Appellant. [624 NYS2d 900] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered June 3, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. A sentence was also imposed for criminal possession of a controlled substance in the seventh degree, for which the defendant was not convicted.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed for criminal possession of a controlled substance in the seventh degree; as so modified, the judgment is affirmed.

The defendant contends that the court erred in closing the courtroom to the public during the testimony of an undercover officer. This issue is unpreserved for appellate review since the defendant failed to object when the court, following a hearing, granted the People's application for closure *(see,* CPL 470.05 [2]; *People v Hammond,* 208 AD2d 559; *see also, People v Martinez,* 82 NY2d 436, 446). We decline to reach this issue in the exercise of our interest of justice jurisdiction.

The defendant's conclusory and unsubstantiated claims of ineffective assistance of counsel rest primarily on matters which are dehors the record. To the extent that these claims relate to matters contained in the record, they are clearly without merit *(see, People v Lopez,* 165 AD2d 816).

Since the defendant was not convicted of any counts of criminal possession of a controlled substance in the seventh degree, the court erred when it imposed a sentence for such an offense. Therefore, the sentence imposed for that offense is vacated *(see, People v Eleby,* 137 AD2d 707; *People v Richards,* 121 AD2d 660).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.