**Larry A. JEFFERSON, Petitioner–Appellant,**

v.

**Michael J. GAINES, Respondent–Appellee.**

**Docket No. 02–2234.**

United States Court of Appeals, Second Circuit.

Feb. 14, 2003.

Larry J. Jefferson, Ray Brook, New York, on submission, for Appellant, pro se.

Joseph A. Pavone, United States Attorney for the Northern District of New York; Barbara D. Cottrell, Assistant United States Attorney, Albany, New York, on submission, for Appellee.

Present: JACOBS, POOLER, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **AFFIRMED.**

In September 2001, Petitioner–Appellant Larry A. Johnson filed *pro se* a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a denial of parole by the U.S. Parole Commission. The district court filed an order denying the petition because Jefferson failed to demonstrate that he had exhausted his administrative remedies. The court allowed Jefferson 30 days to amend his petition to demonstrate either that he did exhaust his administrative remedies or that there was good cause excusing his failure.

Rather than filing the amended petition, Jefferson filed a motion for reconsideration of the order. Judgment was entered dismissing the action for Jefferson's failure to comply with the district court's order requiring an amended petition. Nevertheless, the district court entertained and denied Jefferson's motion for reconsideration, rejecting Jefferson's argument that, because he was a District of Columbia prisoner who was transferred to a federal prison without his consent, he was excused from exhausting administrative remedies. Applying the standard appropriate to motions for reconsideration, the district court denied the motion, holding that controlling law had not changed, new evidence had not emerged, and no clear error or manifest injustice needed correction.

Whether we construe Jefferson's appeal as from the order denying his § 2241 petition or the order denying his motion for

reconsideration, Jefferson is not entitled to the relief he seeks.

We review the denial of a § 2241 petition *de novo*. *Nieblas v. Smith,* 204 F.3d 29, 31 (2d Cir.1999). Jefferson fails to present evidence that he followed any administrative procedures established to appeal the denial of parole. *See Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir.2001) (requiring a showing of administrative exhaustion, or good cause and prejudice, for § 2241 petitions). This failure is not excused merely because Jefferson is a District of Columbia prisoner in federal prison. After the 1997 Revitalization Act, D.C. prisoners in federal prison may not need to exhaust state court remedies before filing § 2254 petitions, *see Gant v. Reilly,* 224 F.Supp.2d 26, 35–36 (D.D.C.2002), but there is nothing about their status which would excuse the need to exhaust administrative remedies established by the Parole Commission. The district court therefore properly denied Jefferson's § 2241 petition.

We review the denial of a motion for reconsideration for abuse of discretion, *see Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998), and find none.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**