23-6632
Hunter v. Annucci

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK
> MYRNA PÉREZ,
> > *Circuit Judges*,
> DALE E. HO,
> > *District Judge*.*

———————————————————————

JAMES HUNTER,

> *Petitioner-Appellant*,

v.                                                            No. 23-6632

ANTHONY J. ANNUCCI,

> *Respondent-Appellee*.

———————————————————————

* Judge Dale E. Ho, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PETITIONER-APPELLANT:**     JANEANNE MURRAY, Murray Law LLC, New York, NY.

**FOR RESPONDENT-APPELLEE:**     SOLOMON NEUBORT (Leonard Joblove, *on the brief*), Assistant District Attorneys, *for* Eric Gonzalez, District Attorney for Kings County, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order is **AFFIRMED**.

Petitioner-Appellant James Hunter was convicted in New York Supreme Court of assault for stabbing an individual in Brooklyn, New York.   He was sentenced to a twelve-year term of imprisonment and five years of supervised release.   Hunter now appeals the district court's denial of his petition for a writ of habeas corpus, limiting his claims to those certified for appeal.   For the reasons discussed below, Hunter's claims fail.

We assume the parties' familiarity with the remaining facts, the procedural history, and issues on appeal, which we recount only as necessary to explain our decision to affirm the district court's order.

2

**DISCUSSION**

Where a petition for writ of habeas corpus brought under 28 U.S.C. § 2254 has been denied, this Court reviews the denial de novo.   *Chalmers v. Mitchell*, 73 F.3d 1262, 1266 (2d Cir. 1996).[1]

Under § 2254, where claims raised in a habeas petition have been "adjudicated on the merits in State court proceedings," an application for writ of habeas corpus will not be granted unless "adjudication of the claim . . . (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   *Id.* § 2254(d).

## I.    Hunter's Due Process and Equal Protection Claims Fail

Hunter claims his due process and equal protection rights were violated when the state court denied his request to testify before the grand jury.   Hunter's counsel

---

[1] An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, may only be brought by "a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).

Hunter filed his original habeas petition before the district court while in custody.   Though he has since been released, he continues to be subject to conditions of supervised release.   Therefore, Hunter's habeas petition is not moot.   *See Nowakowski v. New York*, 835 F.3d 210, 217–18 (2d Cir. 2016) (explaining that a petition is moot where the sentence has expired and no collateral consequence remains in place).

withdrew his notice of intent to testify, allegedly without his permission, and Hunter, pro se, requested an opportunity to testify before the indictment had been filed.

Even assuming the state court erred in denying Hunter the opportunity to testify, such error was harmless beyond a reasonable doubt. The record at trial shows Hunter's testimony before the grand jury would not have changed the outcome of the proceedings.

The grand jury voted to indict Hunter with first-degree assault. It is undisputed that Hunter stabbed the victim—he admitted this on the date of the incident. Hunter claims that if given the opportunity to testify, he could have presented his self-defense argument. But Hunter had the opportunity to testify at trial and present this defense, which he chose not to do. *See* Oral Arg. Audio Recording at 5:07–:10.

Furthermore, even if Hunter had been given the opportunity to present a self-defense argument to the grand jury, the victim's testimony would have directly undermined his argument. Per the victim's account, Hunter called him the day prior to the incident and threatened that he was a "dead man walking." *See Hunter v. Annucci*, No. 19-cv-01321 (S.D.N.Y. June 13, 2019), Dkt. 5-1 at *228–29 (Trial Tr. at 27:12–28:3). Then, on the date of the incident, it was Hunter who asked the victim to meet him at the site of the incident. *Id.* at 232 (Trial Tr. at 32:5–:16). And once at the site of the incident, the victim testified that when he approached Hunter's vehicle, it

4

was Hunter who exclaimed, "I got you now," before lunging at him with the knife and stabbing him.   *Id.* at 237–239 (Trial Tr. at 37:23–39:24).

Additionally, as highlighted by the state court in its denial of Hunter's motion to dismiss the indictment, *see* App'x at 71, and as confirmed by defense counsel at oral argument, *see* Oral Audio Recording at 4:20–:30, Hunter had a prior criminal history at the time of the incident.   If subjected to cross-examination before the grand jury, Hunter could have been asked about his criminal history, which included a prior misdemeanor assault charge.   *See id.* at 4:25–:29.

Given the evidence presented to the grand jury, Hunter's self-defense argument would have been fruitless.   As Hunter suffered no prejudice, any alleged error of the state court in denying the opportunity to testify was harmless beyond a reasonable doubt.   There is thus no constitutional violation.   *See Saldana v. State of New York*, 850 F.2d 117, 119 (2d. Cir. 1988) (determining that a petitioner denied of his right to testify before the grand jury is not entitled to habeas relief where the denial "could not have made any constitutional difference because he suffered no prejudice").[2]

---

[2] Hunter filed a motion to dismiss his indictment on the basis of the denial of his state right to testify before the grand jury.   The motion to dismiss was denied without an evidentiary hearing.   Hunter now claims that at a minimum he was entitled to an evidentiary hearing on his motion to dismiss and the district court failed to "constitutionally analyze[] [his claim] under the Due Process Clause."   Appellant's Br. 41 (internal quotation marks and citation omitted).   Yet Hunter is making this federal constitutional claim for the first time in this appeal.   Given that Hunter failed to present this "*federal* claim . . . to the state

## II. Hunter's Claims Relating to Perjury in the Grand Jury Proceedings and Fair Notice Fail

Hunter next raises claims pertaining to alleged perjury in the grand jury proceedings and deprivation of fair notice.    He argues that these claims warrant habeas relief, yet neither is persuasive.

As to Hunter's claim that the prosecution committed perjury, this Court has held that claims of evidentiary deficiencies in state grand jury proceedings are not cognizable in a federal habeas proceeding after a jury conviction.    *See Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989).    This is because an evidentiary error within the grand jury proceedings, which may have impacted the indictment, is rendered harmless beyond a reasonable doubt in the face of a petit jury conviction.    *Id.* at 32.    Accordingly, this claim is not cognizable.

Hunter next claims he was deprived of fair notice because the indictment presented a "vicious and unprovoked attack by Hunter," but at trial the prosecution only proved that the attack amounted to, as he characterized it, "a single stab wound to the abdomen."[3]    *See* Appellant's Br. 60.    We decline to decide that any variance

---

courts," he is not now entitled to habeas relief on this argument.    *Carvajal v. Artus*, 633 F.3d 95, 106–107 (2d Cir. 2011) (emphasis in original).

[3] The district court declined to consider whether this claim was exhausted or procedurally barred.    We, too, need not consider this procedural issue since this claim may be disposed of on the merits.    *See Nieblas v. Smith*, 204 F.3d 29, 31 (2d Cir. 1999) (determining that this Court need not consider whether a claim is

deprived him of "notice of the core of criminality to be proven at trial." *See United States v. Kaplan*, 490 F.3d 110, 129 (2d Cir. 2007) (internal quotation marks and citation omitted). Even accepting his characterization, the noticed conduct in the indictment was even broader than the conduct that was ultimately presented at trial. *See, e.g.*, *United States v. Danielson*, 199 F.3d 666, 670 (2d Cir. 1999) (determining that the defendant had sufficient notice of the charge against him where the indictment outlined the essence of the offense, even if it lacked specific details of the ammunition at issue). Under these circumstances, Hunter cannot argue that he was surprised by what he was tried for. *See, e.g.*, *United States v. Cain*, 671 F.3d 271, 299 (2d Cir. 2012) (rejecting an argument that defendant was unaware of certain third parties' involvement in his actions and determining defendant had adequate notice of the charges he had to defend where the indictment included specific allegations as to the third parties). Thus, this claim too fails.

## III. Hunter's Ineffective Assistance of Counsel Claim Fails

Hunter also claims that his counsel was ineffective for not raising three particular arguments on appeal in state court.

---

exhausted or procedurally defaulted when it fails on the merits); *see also Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (indicating that "[t]he interests of the federal and state courts, as well as those of the petitioner and respondents, are served by reaching the merits if it is perfectly clear that the applicant does not raise even a colorable federal claim" (internal quotation marks and citation omitted)).

7

As Hunter's ineffective assistance of counsel claims were previously denied on the merits, this Court's only task is to confirm that the state court's decision did not involve an unreasonable application of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).   *See* 28 U.S.C. § 2254(d)(1).   Under *Strickland*, to prove ineffective assistance of counsel, the defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."   *Strickland*, 466 U.S. at 687.   In assessing whether the deficiency prong is met, the court "must consider all the circumstances, must make every effort to eliminate the distorting effects of hindsight, and must operate with a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001) (alterations adopted and internal quotation marks omitted).

*Strickland*'s standard is a "deferential one."   *Harrington v. Richter*, 562 U.S. 86, 105 (2011).   So, on habeas review, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult" because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential."   *Id.* (internal quotation marks and citation omitted).   Therefore, our inquiry turns not on "whether counsel's actions were unreasonable," but rather "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."   *Id.*

8

Upon review of the record, we determine that there is a reasonable argument to be made that appellate counsel was not deficient in choosing not to raise the three arguments made by Hunter.

First, when choosing not to argue that Hunter was denied his right to testify before the grand jury, appellate counsel made a reasonable call given the state of the caselaw making plain that it is the judgment of counsel (not the client) to decide whether or not he testifies before the grand jury. *See People v. Hogan*, 48 N.E.3d 58, 64 (N.Y. 2016) (noting that the decision as to whether a defendant testifies before the grand jury is a "decision that requires the expert judgment of counsel" and therefore "an appropriate one for the lawyer, not the client [to make]" (internal quotation marks and citations omitted)). Under our standard of review, we cannot conclude that the state court's rejection of Hunter's right-to-testify argument was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.

Second, declining to raise a weight of the evidence challenge was appropriate given the impossibility of success. In assessing a weight of the evidence challenge under New York law, a court considers "whether the jury was justified in finding defendant guilty beyond a reasonable doubt." *People v. Danielson*, 880 N.E.2d 1, 4 (N.Y. 2007). Here, the jury heard from the victim about Hunter's threats, it was

9

undisputed that Hunter stabbed the victim, and Hunter's self-defense argument was contradicted by the evidence.[4]   In light of this evidence, appellate counsel was justified in deciding to forgo this argument.   *Id.*

Third, appellate counsel correctly determined that Hunter's claims of perjury before the grand jury and lack of fair notice lacked merit.

For these reasons, *Strickland*'s deferential standard was satisfied, and Hunter's ineffective assistance of counsel claim fails.

*       *       *

We have considered Hunter's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] *See, e.g.*, *People v. Williams*, 77 N.Y.S.3d 216, 217 (App. Div. 2018) (indicating that a defendant may benefit from "the defense of justification, *unless the defendant is the initial aggressor*" (emphasis added)).