**Jack FERRANTI, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

**No. 00–2271.**

United States Court of Appeals,
Second Circuit.

March 20, 2001.

Vivian Shevitz, South Salem, NY; Jane Simkin Smith, on the brief, for appellant.

Lauren J. Resnick, Assistant United States Attorney, Brooklyn, NY; Loretta E. Lynch, United States Attorney for the Eastern District of New York, Emily Berger, Assistant United States Attorney, on the brief, for appellee.

Present JACOBS, and CALABRESI, Circuit Judges, and ARTERTON, District Judge.*

* The Honorable Janet Bond Arterton for the United States District Court for the District of Connecticut, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be AFFIRMED.

Petitioner-appellant Jack Ferranti appeals the judgment entered in the United States District Court for the Eastern District of New York (Weinstein, J.) denying his petition brought pursuant to 28 U.S.C. § 2255. Ferranti was convicted at a jury trial in the Eastern District of New York of arson homicide in violation of 18 U.S.C. § 844(i), arson conspiracy in violation of 18 U.S.C. § 371, related mail fraud counts resulting from insurance fraud in violation of 18 U.S.C. § 1341 and witness tampering in violation of 18 U.S.C. § 1512(b).

Ferranti raises the following three issues pursuant to a Certificate of Appealability: (1) was the testimony of government witness Vincent Marziano materially false at trial such that Ferranti deserves a new trial; (2) under the Supreme Court's decisions in *Jones v. United States* and *Apprendi v. New Jersey,* was it error for the district judge to determine the degree of homicide under Section 2A of the Sentencing Guidelines; and (3) did a material *Brady* violation occur as a result of the prosecutor's failure to turn over to the defense evidence in the hands of the Fire Department (specifically, that the helmet worn by the firefighter who died in the fire from a fall was condemned by OSHA).

1. Marziano testified at trial to a statement made to him by one of the arsonists, who (according to Marziano's account) knocked on his window at 2 a.m., woke Marziano, and blurted a statement that was admitted as an excited utterance. Marziano told the grand jury that he lived at one location at the time of the fire, but testified at trial that he was living at another location with one John Tancredi. The defense recently discovered from Tan-credi that he was not living with Marziano at the relevant time. Ferranti deems this inconsistency critical because it raises the prospect that Marziano was living at yet another location at which there was no window to knock upon—which would discredit the only detail of Marziano's account capable of corroboration.

▉ To the extent that Ferranti argues that the government's failure to disclose Marziano's mistaken testimony before the grand jury requires § 2255 relief, this non-disclosure was not material to Ferranti's conviction, as required by *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that a nondisclosure by the prosecution "violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). A nondisclosure is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). A number of witnesses (in addition to Marziano) gave testimony devastating to Ferranti: his recent reinstatement of the store's insurance policy, his removal of valuable inventory from the store the day before the fire, his procurement of a new space-heater that was not in the store prior to the fire (and was found in between flammable liquid burn patterns), his instructions to several employees to lie to authorities concerning various matters related to the arson and his statements in the months prior to the fire that if business continued to fail he would collect on the insurance.

Ferranti also argues that the government failed in its obligation to research

issues bearing upon the credibility of its witnesses (especially Marziano). However, the subject matter of the testimony was the residence of a witness who was peripatetic. In this confused situation, the government did little enough to unravel the facts, and candidly acknowledged at oral argument that more could be done. But Marziano's testimony was insufficiently crucial to Ferranti's conviction for this Court to have to decide whether the government had an obligation to do more than it did.

2. The district court calculated Ferranti's sentence by looking to U.S.S.G. § 2K1.4(c)(1) (the guideline for arson where death results), which instructs the district judge to apply the "most analogous" homicide guideline. The district court applied U.S.S.G. § 2A1.1 (the guideline for first degree murder) and downwardly departed to 435 months from the required sentence of life imprisonment because no recommendation of life imprisonment had been requested of the jury as required by the applicable version of 18 U.S.C. § 34.** On direct appeal, this Court affirmed the conviction and sentence. *See United States v. Tocco,* 135 F.3d 116 (2d Cir.1998).

■ It remains unsettled in this Circuit whether Ferranti may benefit from the constitutional principle enunciated in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as his case was pending on collateral review when *Apprendi* was decided by the Supreme Court. However, this issue is not squarely presented by this appeal because, even if *Apprendi* applies (and even if Ferranti can demonstrate cause and prejudice

to overcome his procedural default) Ferranti's sentence was entirely constitutional under *Apprendi.*

The "resulting in death" requirement under 18 U.S.C. § 844(i) was submitted to the jury and therefore the verdict reflects a finding beyond a reasonable doubt that Lieutenant Thomas' death resulted from the alleged arson. Based on the jury's finding, Ferranti was subject to "any term of years" with a maximum of life imprisonment or death if so directed by the jury. *See* 18 U.S.C. § 844(i); *id.* § 34 (1988), amended by 18 U.S.C. § 34 (1994). Because no request was made of the jury to direct either sentence, Judge Weinstein imposed a sentence of 435 months after cross-referencing the homicide provisions of Chapter Two, Part A of the Guidelines—as required by U.S.S.G. § 2K1.4— and choosing U.S.S.G. § 2A1.1 as the "most analogous" guideline. Ferranti's sentence was thus based on a factor found by the jury beyond a reasonable doubt, and was not in excess of the relevant statutory maximum. *Apprendi* is not implicated.

■ Ferranti's remaining challenge to his sentence focuses on the district judge's broad discretion (under the cross-reference provision of the arson guideline) to determine which homicide guideline is the "most analogous" based on facts not necessarily presented to the jury. This argument, which implicitly attacks the constitutionality of the Sentencing Guidelines, has been expressly rejected. *See United States v. White,* 240 F.3d 127, 136 (2d Cir.2001) (rejecting argument that *Apprendi* precludes the district court from looking to facts not considered by the jury

---

** The version of 18 U.S.C. § 34 applicable at the time the arson occurred provided: "Whoever is convicted of any crime prohibited by this chapter, which has resulted in the death of any person, shall be subject also to the death penalty or to imprisonment for life if the jury shall in its discretion so direct...." The 1994 Amendments to this statute struck the jury direction requirement. *See* Pub.L. No. 103–322 § 60003(a)(1) (1994).

in determining relevant conduct under the Guidelines). "Where, as here, factual determinations were used to sentence the defendant to a sentence within the maximum allowed by statute, Apprendi is not controlling, and such determinations can be made by the court without violating the defendant's right to due process." *Id.*

■ To the extent Ferranti reasserts that the district court's imposition of the equivalent of a life sentence violates the jury directive requirement of the applicable version of 18 U.S.C. § 34, he is precluded from relitigating this argument in a § 2255 petition as it was raised and rejected on direct appeal. *See United States v. Perez,* 129 F.3d 255, 260 (2d Cir.1997) ("A § 2255 motion may not relitigate issues that were raised and considered on direct appeal."). We therefore decline to address the merits of this claim.

3. We have carefully considered Ferranti's remaining argument and find it to be without merit.

For the reasons set forth above, the judgment is hereby AFFIRMED.