10-771-cr
United States v. Ferranti

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

      **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22ⁿᵈ day of February, two thousand eleven.**

PRESENT:

        JOSÉ A. CABRANES,
        DENNY CHIN,
                *Circuit Judges*,
        PAUL A. CROTTY,
                *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee*,

     v.                                          No. 10-771-cr

MARIO FERRANTI, THOMAS TOCCO,

      Defendants,

---

     \* The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

JACK FERRANTI,*Defendant-Appellant.***

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**FOR DEFENDANT-APPELLANT:**        Murray Richman, Bronx, NY.

**FOR APPELLEE:**        Taryn A. Merkl, Assistant United States Attorney (Loretta E. Lynch, United States Attorney for the Eastern District of New York, *on the brief*, Emily Berger, Assistant United States Attorney, *of counsel*), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).


**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.


Defendant-Appellant Jack Ferranti ("defendant" or "Ferranti") was convicted, following a two-week trial, of arson homicide in violation of 18 U.S.C. § 844(i); arson conspiracy in violation of 18 U.S.C. § 371; sixteen counts of mail fraud in violation of 18 U.S.C. § 1341; and witness tampering in violation of 18 U.S.C. § 1512(b). He was sentenced principally to 435 months of imprisonment. This appeal follows two unsuccessful habeas petitions under 28 U.S.C. § 2255. Defendant now appeals from a February 12, 2010 order by the District Court denying his motion to reduce his sentence, pursuant to 18 U.S.C § 3582(c)(2), based on Amendment 591 to the United States Sentencing Guidelines. We assume parties' familiarity with the remaining facts and procedural history of this action.

We review a district court's denial of a motion to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for "abuse of discretion." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alteration, citations, and quotation marks omitted)). Our determination of whether a defendant is eligible for a

---

** The Clerk of Court is directed to amend the official caption to conform to the listing of the parties above.

sentence reduction because his sentence was "'based on a sentencing range that was subsequently lowered by the sentencing Commission'" is reviewed *de novo* "because [such a] determination is a matter of statutory interpretation." *United States v. Main*, 579 F.3d 200, 202-03 (2d Cir. 2009) (quoting *United States v. Williams*, 551 F.3d 182, 185) (2d Cir. 2009)).

"A district court may not generally modify a term of imprisonment once it has been imposed." *Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007). An exception is available, however, under Section 3582(c)(2), when the Sentencing Commission amends the United States Sentencing Guidelines. Amendment 591 to the Guidelines, which took effect on November 1, 2000, requires the initial selection of the applicable offense guideline to be based only on statute, rather than on judicial findings of actual offense conduct. *See* U.S.S.G. app. C, amend. 591 (2000). "Amendment 591 applies only to the choice of the appropriate offense guideline, not to the selection of the base offense level" set forth by the guideline. *United States v. Rivera*, 293 F.3d 584, 586 (2d Cir. 2002).

According to the Guidelines, "if death resulted or the offense was intended to cause death or serious bodily injury, [the district court shall] apply the most analogous guidelines from Chapter Two, part A (Offenses Against the Person) if the resulting offense level is greater than that determined above." U.S.S.G. § 2K1.4 (c)(1). As explained by the District Court in its Memorandum and Order of February 12, 2010, Ferranti was "properly sentenced under the first degree murder guideline, which was the most analagous Guideline provision," A. 56-57. *See* 18 U.S.C. § 1111(a) (murder committed by arson is murder in the first degree). We agree. Accordingly, the District Court did not err in denying defendant's motion for sentencing under Section 3582(c)(2).

## CONCLUSION

We have considered all of defendant's claims on appeal and have found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3