10-672-pr
*Ferranti v. United States*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of May, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

---

JACK FERRANTI,

*Petitioner-Appellant,*

v.                                          10-672-pr

UNITED STATES OF AMERICA

*Respondent-Appellee.*

---

FOR PETITIONER-APPELLANT:   INGA L. PARSONS, Marblehead, MA

FOR RESPONDENT-APPELLEE:    TARYN A. MERKL, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from the United States District Court for the Eastern District of New York (Korman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Eastern District of New York is **AFFIRMED**.

Petitioner-Appellant Jack Ferranti ("Ferranti") appeals from the judgment entered in the United States District Court for the Eastern District of New York (Korman, *J.*), dismissing his successive habeas petition to vacate his conviction under 28 U.S.C. § 2255. Ferranti's petition arises from his conviction for arson homicide in violation of 18 U.S.C. § 844(i), arson conspiracy in violation of 18 U.S.C. § 371, related mail fraud counts resulting from insurance fraud in violation of 18 U.S.C. § 1341, and witness tampering in violation of 18 U.S.C. § 1512(b). We assume the parties' familiarity with the facts, procedural history, and issues presented for review.

Ferranti contends that the district court erred by concluding that he failed to satisfy his burden for filing a successive habeas petition. We disagree. After the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a claim presented in a successive § 2255 petition based on

2

newly discovered evidence will be dismissed unless the petitioner adduces "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). The AEDPA's gatekeeping provisions "impose[] stringent limits on a prisoner's ability to bring a second or successive application for a writ of habeas corpus." *Torres v. Senkowski*, 316 F.3d 147, 150 (2d Cir. 2003) (citation and internal quotation marks omitted).

The district court mistakenly applied the standard set forth in 28 U.S.C. § 2244(b)(2)(B)(ii), which governs the successive habeas petitions of those imprisoned pursuant to state convictions, and which requires a petitioner to demonstrate that "the facts underlying the [successive] claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, *but for constitutional error*, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii) (emphasis added). The district court thus imposed on Ferranti the additional requirement, not applicable to

3

successive petitioners under § 2255, of demonstrating that the exclusion of exculpatory evidence from his trial was the result of constitutional error.

However, the district court's application of an incorrect standard is harmless. Although the district court determined that Ferranti had failed to demonstrate constitutional error, it also dismissed his successive petition on the alternative basis that "considering all of the evidence, Ferranti simply has not established that no reasonable factfinder would have found him . . . guilty of the underlying offense." It thus unequivocally established that it would have reached the same conclusion had it applied the correct standard.

We agree with the district court that the new evidence underlying Ferranti's successive petition is not sufficient to establish by clear and convincing evidence that no reasonable factfinder, given the benefit of the new evidence, would have found him guilty of the underlying offense. 28 U.S.C. § 2255(h)(1). This standard is more stringent than the pre-AEDPA gateway standard for filing a successive petition, which itself was quite difficult to satisfy and met only in the most "extraordinary case[s]." *Schlup v. Delo*, 513 U.S. 298, 322 (1995); *see also House v.*

4

*Bell*, 547 U.S. 518, 539 (2006). In assessing the petition, we consider both newly-presented evidence and evidence from trial, "without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial.'" *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327-28).

Ferranti falls far short of meeting his burden to demonstrate that with the benefit of the newly discovered evidence, no reasonable factfinder would have found him guilty of arson. Almost all of the evidence submitted by Ferranti, at best, serves only to discount the trial testimony of the fire marshals that the fire was set using accelerant. None of this evidence, however, establishes that the fire was accidental. Moreover, even in light of all of the purportedly newly-disclosed and favorable evidence, other incriminating evidence concerning Ferranti's motive, intent, and consciousness of guilt remains uncontradicted and devastating to Ferranti.

Ferranti also argues that there was a conspiracy to convict him because a firefighter died in the fire. The district court rejected Ferranti's conspiracy theory, concluding that "Ferranti has not presented any evidence of (and nothing in the record supports) a far-reaching

5

conspiracy by police to frame him." We agree. Ferranti's unsubstantiated allegations of governmental misconduct and suppression of evidence are insufficient to sustain his successive habeas petition. *Cf. Heath v. U.S. Parole Comm'n*, 788 F.2d 85, 89-90 (2d Cir. 1986).

Ferranti also contends that the district court erred in relying on the guilty plea of his co-defendant, Thomas Tocco, because the "objective circumstances of the plea colloquy actually prove the untrustworthiness of the plea." This claim has no merit. Tocco's plea is strong evidence that the fire was an arson and directly contradicts Ferranti's argument to the contrary. Although Tocco did not name Ferranti as a coconspirator during the plea colloquy, in the context of all the other evidence that connected both Tocco and Ferranti to the fire, Tocco's plea clearly inculpates Ferranti.

The district judge also did not err in discounting Tocco's subsequent recantation, made approximately thirteen years after Tocco's guilty plea to a private investigator hired by Ferranti. The district court reasonably concluded that the "credibility of Tocco's unsworn hearsay statements are undermined by the fact that he is already incarcerated and has nothing to lose by lying, and they are contradicted

6

by his sworn plea colloquy as well as the testimony of the Anthonys and Beverly Danielius at trial, who placed Tocco at the scene on the night of the fire."

Next, we reject Ferranti's claim that the district court should have held "hearings" to consider the videotapes of the fire and the trustworthiness of Tocco's plea.  Under § 2255(b), the district court must provide a hearing on a habeas petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also* *Raysor v. United States*, 647 F.3d 491, 494 (2d Cir. 2011). Although "[o]ur precedent disapproves of summary dismissal of petitions where factual issues exist[], . . . it permits a 'middle road' of deciding disputed facts on the basis of written submissions."  *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003).

Here, a hearing was unnecessary because the district court had sufficient information in the record to "decid[e] disputed facts on the basis of written submissions."  *Id.* The parties submitted extensive briefing and numerous exhibits to the district court regarding the contents of the videotapes of the fire.  Ferranti does not explain how this information was insufficient to assess the import of the

7

tapes. Furthermore, as to Tocco's plea, the district court had Tocco's sworn plea and the affidavit by Ferranti's private investigator noting that Tocco had recanted. This information was sufficient for the district court to assess Ferranti's arguments concerning the plea.

We also reject Ferranti's claim that "full discovery" was warranted. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, discovery is allowed only if the district court, acting in its discretion, finds "good cause" to allow it. *Id.* This "good cause" standard is satisfied "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). The district court enjoys "broad discretion" to determine whether discovery is warranted in a habeas proceeding, and its decision will be overturned only if it abused its discretion. *Nieblas v. Smith*, 204 F.3d 29, 31 (2d Cir. 1999). Here, Ferranti failed to set forth specific allegations that establish the good cause necessary to warrant additional discovery.

8

Finally, Ferranti's contention that the district court allegedly compelled him "to waive his Fifth Amendment privilege in order to meet the gateway standard" has no merit. In *United States v. Male Juvenile*, 121 F.3d 34, 42 (2d Cir. 1997), we rejected the argument that a district court violated the defendant's Fifth Amendment rights when it stated that the defendant had not testified at a suppression hearing. We reasoned that the district court explicitly stated that it "infer[s] nothing from [defendant's] failure to testify" and was "simply indicating that, by not testifying, defendant had failed to contradict the government's evidence with his own testimony." *Id.*

That is precisely what the district court did here. In assessing the overall nature of the evidence of guilt, the district court noted that "it is not without significance that Jack Ferranti failed to take the witness stand at his own trial, he did not speak at his sentencing, and he failed to file any affidavit in connection with his petition addressing the evidence against him." The district court made clear, however, that it "refer[red] to this not to draw any inference from his failure to affirm his innocence under oath. . . . I refer to it only to evaluate the totality of the evidence necessary to determine whether Ferranti can

9

meet the AEDPA threshold for filing a successive petition." Ferranti's contention that the district court "expressly and openly advis[ed]" that it was drawing a negative inference is simply untrue.

We have considered all of Ferranti's remaining arguments and, after a thorough review of the record, find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

<div style="margin-left: 50%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk
</div>