ALD-114                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4098
_____

JACK FERRANTI,
                                Appellant

v.

WARDEN ALLENWOOD LSCI; UNITED STATES ATTORNEY GENERAL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:16-cv-00866)
District Judge: Honorable Edwin M. Kosik
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2017
Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed:  February 15, 2017)
_____

OPINION*
_____

PER CURIAM

    Jack Ferranti, a federal prisoner incarcerated at LSCI-Allenwood, appeals pro se

from an order of the District Court dismissing his petition for a writ of habeas corpus

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm the District Court's judgment.

In the United States District Court for the Eastern District of New York, a jury convicted Ferranti of arson homicide, arson conspiracy, 16 counts of mail fraud, and witness tampering, based on an insurance-fraud scheme in which Ferranti was involved with causing a fire at his business that resulted in the death of a firefighter. The trial judge concluded that the application of the sentencing guidelines and the ex post facto clause called for a sentence just under Ferranti's expected natural life. See United States v. Ferranti, 928 F. Supp. 206, 213-16 (E.D.N.Y. 1996). The trial judge took into account 54 days per year of good-time credit that Ferranti could be expected to receive in prison, and then concluded that imposing a sentence of 435 months' imprisonment would cause Ferranti to serve an actual term of 371 months' imprisonment—just under the 372 months of Ferranti's remaining life expectancy. See id. at 216. Ferranti challenged his sentence on appeal, and the United States Court of Appeals for the Second Circuit affirmed. See United States v. Tocco, 135 F.3d 116, 130-31 (2d Cir. 1998).

Ferranti then filed a motion in the sentencing court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, raising an Apprendi challenge. See Apprendi v. New Jersey, 530 U.S. 466 (2000). The Second Circuit affirmed the denial of that motion, concluding that Apprendi was not implicated because Ferranti's sentence was based on a factor that the jury found beyond a reasonable doubt and did not exceed the relevant statutory maximum. See Ferranti v. United States, 6 F. App'x 67, 69-70 (2d Cir.

2

2001) (not precedential). The Second Circuit also stated that Ferranti's motion was properly denied to the extent that it sought to relitigate the sentencing challenges raised in Ferranti's direct appeal. See id. at 70. The Second Circuit afterwards affirmed the denial of a much-later-filed motion to reduce Ferranti's sentence, see United States v. Ferranti, 411 F. App'x 373, 374-75 (2d Cir. 2011) (not precedential), and a second or successive § 2255 motion that challenged Ferranti's conviction (but not his sentence) on unrelated grounds. See Ferranti v. United States, 480 F. App'x 634, 636-39 (2d Cir. 2012) (not precedential).

The sentencing question at issue in this appeal then surfaced in the United States District Court for the District of South Carolina, where Ferranti was confined at FCI-Edgefield. There, Ferranti filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking resentencing. Ferranti argued that because he was receiving less good-time credit per year than the sentencing judge had anticipated, his sentence now amounted to an illegal life sentence. The purported problem that Ferranti identified was that the Bureau of Prisons calculated his good-time credit based on his sentence as actually served, rather than on the total sentence imposed. Ferranti ultimately requested that the court either vacate his sentence, or instead characterize his petition as a challenge to the execution of his sentence and order the Bureau of Prisons to recalculate his good-time credit to conform to the sentencing judge's original understanding. The District Court concluded, however, that it lacked jurisdiction to hear the petition, and then dismissed it without prejudice to seek leave from the Second Circuit to file a second or

3

successive § 2255 motion.  See Ferranti v. Atkinson, No. 5:13-cv-03471-TMC (D.S.C. Feb. 6, 2014).

On November 20, 2015, Ferranti filed an application in the United States Court of Appeals for the Second Circuit for leave to file a successive § 2255 motion in the Eastern District of New York.  He cited the District of South Carolina's decision as the "newly discovered evidence" that justified the application.  The application raised the following ground for relief, which closely tracked the grounds set out in Ferranti's South Carolina case: "The Eastern District of New York calculated Petitioner's sentence by applying an assumed and predeterminate award of Good Conduct Time ('GCT').  The court did not defer to the BOP's GCT calculation schedule, in which GCT is accrued on actual time served."  Ferranti also argued that the "[s]entencing court is the proper venue to correct Petitioner's unconstitutional sentence" because "the underlying imposition of the sentence, not its conditions[,] are at issue."

The Second Circuit denied that application, stating that "Petitioner has not made a prima facie showing that he received new evidence, such as the BOP's actual calculation of his release date, since his previous petition under 28 U.S.C. § 2255.  The order of the South Carolina district court does not constitute 'newly discovered evidence' within the meaning of § 2255(h)(1)."  Order, Ferranti v. Untied States, C.A. No. 15-3758 (2d Cir. Dec. 15, 2015).  Ferranti has since filed another application in the Second Circuit to file a successive § 2255 motion in the Eastern District of New York, this time raising unrelated grounds based on Johnson v. United States, 135 S. Ct. 2551 (2015).

4

Ferranti, now an inmate at LSCI-Allenwood, which is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Ferranti argued that the District Court should exercise jurisdiction over his petition and correct his original sentence, much as he did in his petition filed in the District of South Carolina. He did not, however, dispute the Bureau's calculation of his good-time credits or otherwise challenge the execution of his sentence. The District Court dismissed the § 2241 petition for want of jurisdiction because a motion filed pursuant to 28 U.S.C. § 2255 was not inadequate or ineffective to test the legality of Ferranti's detention. This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal of Ferranti's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Section 2241 gives federal district courts the power to grant a writ of habeas corpus to prisoners within their jurisdiction who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). That said, "the usual avenue for federal prisoners seeking to challenge the legality of their confinement" is through a motion filed pursuant to 28 U.S.C. § 2255 in the court of conviction and sentencing. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). A petitioner otherwise required to rely on § 2255 may pursue relief through § 2241 only if a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

We have so far applied that safety valve in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions that an intervening change in law has made non-criminal. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251); see also Gardner v. Warden Lewisburg USP, ___ F.3d. ____, C.A. No. 14-3902, 2017 WL 33552, at *3 (3d Cir. Jan. 4, 2017). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the gatekeeping requirements of § 2255, see Okereke, 307 F.3d at 120, or because the sentencing court has denied relief, see Cradle, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538-39.

Ferranti failed to raise his challenge at sentencing, in his direct appeal, or in his first § 2255 motion. Having failed to do so, it is Ferranti's inability to meet the gatekeeping requirements of § 2255(h) that prevented him from obtaining relief in the Second Circuit, not the inadequacy or ineffectiveness of the § 2255 remedy. There is no "limitation of scope or procedure" that prevented Ferranti from receiving "a full hearing and adjudication of" his claim. See Okereke, 307 F.3d at 120. Moreover, the Second Circuit may have left open the possibility that Ferranti could later meet the § 2255(h) gatekeeping requirements, when it observed that Ferranti had not provided "new evidence, such as the BOP's actual calculation of his release date[.]" An authorized second or successive § 2255 motion in the Eastern District of New York remains the only

6

potential vehicle for relief on Ferranti's claim, not a § 2241 petition filed in the Middle District of Pennsylvania.[1]

For the foregoing reasons, we conclude that this appeal presents no substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. We will summarily affirm the District Court's judgment.

---

[1] Also, because authorization from the United States Court of Appeals for the Second Circuit is required for Ferranti to file a second or successive § 2255 motion in the Eastern District of New York, it would not have been appropriate for the District Court to transfer Ferranti's petition to the United States District Court for the Eastern District of New York, as Ferranti argues in his response in support of his appeal.